William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com

*Attorneys for Defendants Precisely Holdings, LLC,
Precisely Software Inc., and Precisely Software Ltd.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV and WILLIAM SULLIVAN,<br><br>                Plaintiffs,<br><br>   v.<br><br>PRECISELY HOLDINGS, LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>                Defendants. | Civil Action No. 24-4571 (HB)<br><br>(Filed electronically) |

**ORDER ADMITTING MATTHEW D. BROWN, BETHANY C. LOBO, AND REBECCA L. TARNEJA *PRO HAC VICE***

This matter having come before the Court on the application of Saul Ewing LLP ["movant"], attorneys for Defendants Precisely Holdings, LLC, Precisely Software Inc., and Precisely Software Ltd. (collectively, "Precisely"), for the *pro hac vice* admission of Matthew D.

Brown, Bethany C. Lobo, and Rebecca L. Tarneja of the Cooley LLP firm on behalf of Precisely ["counsel"], pursuant to Local Civil Rule 101.1; and the Court having considered the Certifications in support of the application, which reflect that counsel satisfy the requirements set forth in Local Civil Rule 101.1(c)(1); and there being no opposition to this application; and for good cause shown,

IT IS ON THIS  23rd  day of  April , 2024,

ORDERED that the application for the *pro hac vice* admission of counsel is granted;

IT IS FURTHER ORDERED that counsel shall abide by all rules of this Court, including all disciplinary rules, and shall notify the Court immediately of any matter affecting counsel's standing at the bar of any court;

IT IS FURTHER ORDERED that counsel is deemed to consent to the appointment of the Clerk of the Court as the agent upon whom service of process may be made for all actions against counsel that may arise from counsel's participation in this matter;

IT IS FURTHER ORDERED that the movant shall (a) be attorneys of record in this case in accordance with Local Civil Rule 101.1(c); (b) be served all papers in this action and such service shall be deemed sufficient service upon counsel; (c) sign (or arrange for a member of the firm admitted to practice in New Jersey to sign) all pleadings, briefs, and other papers submitted to this Court; (d) appear at all proceedings; and (e) be responsible for the conduct of the cause and counsel in this matter;

IT IS FURTHER ORDERED that counsel shall make payment to the New Jersey Lawyer's Fund for Client Protection, pursuant to N.J. Court Rule 1:28-2, for each year in which counsel represents the client in this matter;

IT IS FURTHER ORDERED that counsel shall pay $250.00 to the Clerk of the United States District Court for the District of New Jersey for admission *pro hac vice* in accordance with Local Civil Rule 101.1(c)(3); and

IT IS FURTHER ORDERED that all terms of the Orders entered in this case, including all deadlines set forth therein, shall remain in full force and effect and no delay in discovery, motions, trial or any other proceeding shall occur because of the participation of counsel or counsel's inability to be in attendance at proceedings.

                                                    *Harvey Bartle III*
                                                    Honorable Harvey Bartle III, U.S.D.J.